# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID KINCAID,

    Petitioner,

v.                                                         Case No. 8:25-cv-480-TPB-NHA

MICHAEL SCOTT SOMMERFIELD,

    Respondent.[1]

_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte*. After reviewing the complaint (Doc. 1), court file, and the record, the Court finds as follows:

Michael Sommerfield, proceeding *pro se* in this matter, has filed a complaint seeking an emergency injunction for a continuance in a state court matter pending in Polk County, Florida. He alleges that David Kincaid lied in a state court complaint filed against Sommerfield for stalking. He appears to allege that a hearing or trial has been scheduled in the state court case and argues that the continuance would give him more time to obtain discovery to prove Kincaid is lying, thereby protecting his "right to a fair trial" – which he states as the basis for federal question jurisdiction.

"By federal statute, established constitutional case law, and longstanding federal policy, federal courts will enjoin state court proceedings only in narrowly defined and strictly limited instances." *Claughton v. Donner*, 771 F. Supp. 1200, 1203

---

[1] The case caption in Sommerfield's complaint lists himself as the "Respondent" and Kincaid as "Petitioner." This appears to be in error since Sommerfield is filing the complaint and petitioning the Court for an injunction. However, because the complaint is being dismissed *sua sponte*, this technical defect need not be cured.

(S.D. Fla. 1991). Indeed, "[u]nder the Anti-Injunction Act, 28 U.S.C. § 2283, '[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Id.* at 1203 (quoting *Younger v. Harris*, 401 U.S. 37, 40 (1971)). Here, Sommerfield effectively asks this Court for a stay in state court proceedings so that he can obtain more discovery. But this is exactly what the Anti-Injunction Act precludes, and none of the exceptions to it otherwise apply. Accordingly, Sommerfield's claims are barred by the Anti-Injunction Act.

Second, because Sommerfield asks the Court to intervene in an ongoing state court proceeding, the Court refrains from doing so under the *Younger* abstention doctrine. Under *Younger*, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)   This case is **DISMISSED WITH PREJUDICE**.

(2)   The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of February, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE